IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-826 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Ricardo Lamar Simmons, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Defendant's *pro se* "Motion for Reconsideration re Order on Motion to Reduce Sentence - USSC Amendment 782." ECF No. 1337. Relief under U.S.S.G. Amendment 782 was denied on November 3, 2015. Order, ECF No. 1294. After Defendant's initial motion for relief under Amendment 782 was denied, this court granted a Rule 35(b) motion, reducing Defendant's sentence to 160 months. ECF No. 1334.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Accordingly, this court is without jurisdiction to entertain Defendant's motion for relief under § 3582(c).

However, even if this court did have jurisdiction to consider Defendant's motion, his request for relief under Amendment 782 fails on the merits. Amendment 782 does not apply to this case, as Defendant previously received a variance that resulted in a lower sentence based on the court's application of a 1:1 ratio of crack cocaine to powder cocaine. The previously granted

variance cannot be considered pursuant to Amendment 782. See attached SRR, ECF No. 1341 (filed March 8, 2016).

Therefore, Defendant's motion for reconsideration is dismissed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 8, 2016

2