IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-826 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Ricardo Lamar Simmons, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Defendant's third *pro se* "Motion for Sentence Reduction." ECF No. 1348. Relief under U.S.S.G. Amendment 782 was denied on November 3, 2015. Order, ECF No. 1294. After Defendant's initial motion for relief under Amendment 782 was denied, this court granted a Rule 35(b) motion, reducing Defendant's sentence to 160 months. ECF No. 1334. Defendant then filed a motion for reconsideration of his request for an Amendment 782 reduction, citing his recent Rule 35(b) reduction. ECF No. 1337. A Sentence Reduction Report ("SRR") was prepared and the court denied Defendant's motion based on that report, which stated that Amendment 782 did not apply. ECF No. 1342. Defendant now moves again for reduction based on Amendment 782, arguing that he should receive the two-point reduction based on changes in circumstances since his original motion – specifically, the grant of his Rule 35(b) motion. ECF No. 1348.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d

at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Accordingly, this court is without jurisdiction to entertain Defendant's *third* motion for relief under § 3582(c).

However, as noted in the Order denying his earlier motion for reconsideration, Defendant's request for relief under Amendment 782 fails on the merits. While Defendant argues that his circumstances have changed since the denial of his original 782 motion, the SRR was filed after the grant of the Rule 35(b) motion and considered that reduction when determining that Defendant was not eligible for relief under Amendment 782.

At sentencing, Defendant received a variance that resulted in a lower sentence than the guidelines in use at that time, based on the court's application of a 1:1 ratio of crack cocaine to powder cocaine. The previously granted variance cannot be considered when determining whether a reduction is proper under Amendment 782. Therefore, the two level reduction under Amendment 782 was applied to Defendant's original guideline sentence, after taking into consideration the Rule 35(b) reduction but *without* application of the 1:1 ratio. This results in a lower guideline range than Defendant's initially calculated range, but does not lower his sentence, due to the variance granted at sentencing. Accordingly, application of Amendment 782 to Defendant's sentence does not result in a lower sentence than the 160 months Defendant is currently serving.

While Defendant cites *U.S. v. Williams*, 808 F.3d 253 (4th Cir. 2015) and recent USSC Guidelines addressing reduction of mandatory minimum sentences under Amendment 782 after a Rule 35(b) motion is granted, these authorities simply do not apply to Defendant's case as he was not sentenced to a mandatory minimum.

Therefore, Defendant's motion for reconsideration is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 14, 2016

3